This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37681**

**LARRY SIMS,**

Worker-Appellant,

v.

**TRI STATE EMPLOYMENT SERVICES
SESSIONS PAYROLL MANAGEMENT,
LUMBERMANS UNDERWRITING
ALLIANCE,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKER'S COMPENSATION ADMINISTRATION
Shanon S. Riley, Admininstrative Hearing Judge**

Larry Sims
Albuquerque, NM

Pro Se Appellant

Butt, Thornton & Baehr, PC
Sean Peter Dolan
Jonathan A. Elms
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Worker, Larry Sims, appeals from an order of the Worker's Compensation Judge (WCJ). We issued a notice of proposed summary disposition proposing to affirm, and Worker has responded with a timely memorandum in opposition. We have duly

considered Worker's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**DISCUSSION**

**{2}** Worker raised three issues in his docketing statement: (1) whether the WCJ erred in finding that his dental and cervical spine conditions were not causally related to the work injury, (2) defense counsel and the WCJ engaged in improper conduct, and (3) defense counsel engaged in an incident of intimidation and harassment towards him. We proposed affirmance on all issues.

**{3}** Worker has responded with a memorandum in opposition in which he asks this Court to consider a letter from his current treating physician discussing the causal relationship between his medical conditions and his work injury. However, "[o]ur review of the order from which [a w]orker appeals cannot be based on evidence that had not been presented to the WCJ at the time the order was issued." *Gallegos v. City of Albuquerque*, 1993-NMCA-050, ¶ 20, 115 N.M. 461, 853 P.2d 163. As this letter was not introduced in the proceedings below, we are unable to consider the letter on appeal as a basis to conclude that the WCJ erred in rendering it's the compensation order. *See Howell v. Marto Elec.*, 2006-NMCA-154, ¶ 12, 140 N.M. 737, 148 P.3d 823 ("Generally speaking, this Court's review is limited to evidence presented to the WCJ in the first instance."). As we do not consider the letter on appeal, Employer's motion to strike is moot.

**{4}** Worker has not otherwise responded to the proposed bases for affirmance in our notice of proposed summary disposition. *See Griffin v. Thomas*, 1997-NMCA-009, ¶ 7, 122 N.M. 826, 932 P.2d 516 (recognizing that an issue is deemed abandoned where a party fails to respond to the proposed summary disposition of the issue).

**CONCLUSION**

**{5}** For these reasons and those stated in our proposed notice of summary dispostion, we affirm the decision of the WCJ.

**{6}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARAGS, Judge**

**ZACHARY A. IVES, Judge**